IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON MILLS, M.D., et al. | : |
| Plaintiffs, | : |
| v. | : Civil Action No.05-2211 |
| | (HHK) |
| GIANT OF MARYLAND, LLC, et al. | : |
| Defendants. | : |

**DEFENDANT CLOVERLAND FARMS DAIRY, INC.'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS**

The defendant, Cloverland Farms Dairy, Inc. ("Cloverland"), hereby replies to the Opposition of Plaintiffs to the Defendants' Motions to Dismiss the Complaint.[1]

In its Motion to Dismiss, Cloverland set forth several reasons why the Complaint against Cloverland should be dismissed. First, with respect to the two counts of the complaint for failure to warn and product liability, Cloverland asserted that plaintiffs cannot show that milk is an unreasonably dangerous product. Second, Cloverland argued that the individual plaintiffs are not entitled to judgment against defendant Cloverland because they have not alleged that any individual plaintiffs purchased any milk sold by Cloverland or that Cloverland's conduct was a substantial cause in bringing about any of their alleged injuries.[2]

---

[1] Plaintiffs filed one consolidated Opposition to the two separate Motions to Dismiss that were filed.

[2] Plaintiffs concede that if the discovery process reveals that no named plaintiff suffered injury from Cloverland's milk, Plaintiffs will voluntarily dismissed their damage claims with respect to defendant Cloverland.

Third, Cloverland asserted that plaintiffs are not entitled to injunctive relief on behalf of the class they allegedly represent because plaintiffs cannot satisfy the requirements for a permanent injunction. Finally, Cloverland asserted that the United States Food and Drug Administration, and not this Court, is the appropriate entity for evaluating whether any labeling changes are required for milk.

Cloverland will reply to plaintiffs' opposition with respect to these arguments.

**A.     Milk Is Not an Unreasonably Dangerous Product**

In the two causes of action of the Complaint, Count One, Negligent Failure to Warn Causing Personal Injury, and Count Two, Product Liability Claim for Personal Injury, plaintiffs alleged that defendants knew, or should have known, that a substantial portion of the residents of the District of Columbia are likely lactose intolerant, that plaintiffs, unaware of their lactose intolerance, purchased and consumed milk, that each plaintiff was injured as a result of the milk consumption, and that these injuries were foreseeable given the prevalence of lactose intolerance. Plaintiffs conclude that by not warning of the risk of injury for lactose intolerant individuals, defendants failed to exercise reasonable care under the circumstances. Complaint ¶¶ 55-59.

In response to Cloverland's assertion that plaintiffs state no cause of action under these counts because milk is not an unreasonably dangerous product, plaintiffs assert that under the procedural posture of this case, their allegations that milk is harmful and dangerous must be accepted as true, that defendants have not proven otherwise, and that this Court

cannot rule as a matter of law that a product capable of sickening and injuring 75% of the world's population is not dangerous. Opposition at 29. Even assuming, for the purposes of this motion that a substantial number of District of Columbia residents have experienced and will continue to have episodes of gastrointestinal discomfort after consuming milk, Cloverland maintains that this does not render milk an unreasonably dangerous product. It is well established that an "unreasonably dangerous" product is one which is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it. Restatement (Second) of Torts.

Indeed, one of plaintiffs own suggested warning labels that it asks this Court to order be included on all cartons of milk reads:

> **WARNING - LACTOSE INTOLERANT INDIVIDUALS MAY EXPERIENCE BLOATING, DIARRHEA, *OR OTHER GASTROINTESTINAL DISCOMFORT* FROM CONSUMING MILK.  CHECK WITH YOUR PHYSICIAN.**

(emphasis added). Plaintiffs' own proposed warning, therefore, characterizes the symptoms lactose intolerant individuals may experience after consuming milk as different forms of gastrointestinal discomfort. Gastrointestinal discomfort, although unpleasant, is not life-threatening. To suggest that milk is an unreasonably dangerous product due to a hidden defect is simply frivolous.

Indeed, many of the sources plaintiffs relied on in the "Factual Allegations" section of their Complaint support the conclusion that although lactose intolerant individuals may

experience gastrointestinal distress, milk is not a dangerous product, and to the contrary, is important to maintaining good nutrition and health. *See, e.g.,* Pray W., Pray J., *Lactose intolerance: How to cope,* U.S. Pharm.2004; 6:21-26, http://www.uspharmacist.com/index.asp?show=article&page=8_1277.htm, cited in Complaint at ¶¶ 34, 38 ("You are the best guide to your condition. ***It is not dangerous to try to eat dairy-containing foods if you are lactose intolerant***. Therefore, you can try suspected foods and see how you feel within a couple of hours.") (emphasis added); National Digestive Diseases Information Clearinghouse, NIH, *Lactose Intolerance* (2003), http://digestive.niddk.nih.gov/ddiseases/pubs/lactoseintolerance/(Mar. 2003), cited in Complaint at ¶¶ 36, 39, 43 ("When there is not enough lactase to digest the amount of lactose consumed, the results, ***although not usually dangerous***, may be very distressing.") (emphasis added); Swagerty, D., Walling, A., Klein, R., *Lactose Intolerance,* Am. Fam. Physician 2002; 65:1845-50, http://www.aafp.org/afp/20020501/1845.html,cited in Complaint at ¶ 36 ("The degree of lactose malabsorption varies widely among patients, but most patients do not require a totally lactose-free or severely restricted diet. Dairy products should not be totally eliminated because they provide key nutrients such as calcium, vitamins A and D, riboflavin, and phosphorus."); and *id.* ("Recent evidence suggests that patients with medically confirmed lactose malabsorption can ingest the number of servings of milk and dairy products recommended by the American Dietetic Association without experiencing gastrointestinal discomfort. Some patients increase their tolerance to lactose with repeated intake.")

This Court can certainly rule that milk, a product that has been used throughout recorded history, and is widely consumed throughout this county by people of all ages, is not an inherently dangerous product.

**B.    The Plaintiffs Are Not Entitled to Injunctive Relief**

In the Complaint, Plaintiffs alleged that they are entitled to injunctive relief of having defendants enjoined from marketing their products in the District of Columbia until they include warning labels to alert consumers about the possible risk of lactose intolerance. Cloverland moved to dismiss the Complaint because plaintiffs cannot show: (1) irreparable injury; (2) that there is no harm to the defendants or other interested parties; and (3) that the public interest favors granting the injunction.

In its Motion to Dismiss, Cloverland asserted that with respect to the class that the plaintiffs allegedly represent, i.e., District of Columbia residents who are unaware that they are lactose intolerant, plaintiffs have not alleged that these class members will suffer irreparable injury if an injunction is not granted. In their Opposition, plaintiffs assert that "there can be no dispute" that the class members will suffer irreparable injury in the absence of injunctive relief because the dairy industry has spent and continues to spend millions of dollars on consumer misinformation downplaying the dangers and incidence of lactose intolerance, that the mere filing of this lawsuit cannot adequately educate consumers, that the consumption of milk can cause severe pain, sickness, and discomfort depending on a number of independent factors, and that such injury is certain and great. Opposition at 30. Similarly,

5

plaintiffs assert that the public interest would be served because defendants are part of a powerful and influential industry that misleads the public.

As shown in the previous section, milk is not a dangerous product, and, indeed, many sources cited by the Plaintiffs themselves in their Complaint emphasize that dairy products provide key nutrients for the public's health. Despite plaintiffs' assertion that the only way there can be protection for the class and the public is for the Court to order Defendants to place warning labels on their milk products, Opposition at 31, as pointed out in the Motion to Dismiss, such issues are appropriately vested in the federal agency with responsibility for safeguarding the public health. Whether or not the specific label change plaintiffs propose would promote or hinder public health, weather it could mislead a person having a serious medical condition to believe that he is lactose intolerant and forego necessary medical evaluation, whether a label change at all is appropriate, and if so, how that label should read, whether public education and the mode of such education should be implemented, is a matter of special expertise for the federal government.

Finally, plaintiffs assert that with respect to Cloverland's concern that it would be harmed by an injunction due to the cost of producing specially labeled milk in the District of Columbia, plaintiffs assert that defendants should place such labels on all products sold nationwide – that a finding against defendants in this case would apply to consumers elsewhere as well. Opposition at 31. In essence, plaintiffs are asserting that the label change should be something this Court mandates with respect to the health of the entire country.

Again, this only drives home the fact that the federal government, and not this Court, is the appropriate entity to be deciding such issues allegedly affecting the nation's health.

### C. The Federal Government Has Primary Jurisdiction to Make Determinations Regarding Food Safety and Labeling of Food

In its Motion to Dismiss, Cloverland argued that the Secretary of Health and Human Services has the responsibility to act to protect the nation's health, and that pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*(2005), the federal Food and Drug Administration ("FDA") has been given authority to enforce the Act in the public interest. Cloverland also noted that the FDCA clearly encompasses milk and its labeling.

Plaintiffs are asking this Court to determine whether the label on milk fails to reveal to consumers the possible risks of lactose intolerance. Complaint ¶¶ 20-28, 42-48. As this Court has noted, under the FDCA, foods are deemed misbranded if the label "fails to reveal facts...material with respect to consequences which may result from the use of the article to which the labeling... relates under the conditions of use prescribed in the labeling...or under such conditions of use as are customary or usual." *Alliance for Bio-Integrity v. Shalala,* 116 F. Supp. 2d 166, 178 (D.D.C. 2000). This Circuit has noted that such issued present difficult medical and scientific question, and that the courts should defer to the administrative agencies who have technical expertise on these matters. *Silverman v. Foreman,* 203 U.S. App. D.C. 387, 631 F.2d 969, 977 (D.C. Cir. 1980).

Plaintiffs object to the application of the doctrine of primary jurisdiction for several reasons, including: (1) that the FDA may not have the resources to devote to this issue; (2) the doctrine would require staying this case which would delay its resolution; (3) products liability determinations under District of Columbia law do not require FDA expertise; (4) products liability determinations are within the conventional expertise of judges; (5) there is no risk of inconsistent rulings because no regulatory issues are involved; and (6) plaintiffs have made no prior application to the FDA and the FDA's adjudicatory mechanisms are insufficient to provide plaintiffs relief.

Plaintiffs arguments are without merit. The FDA's Center for Food Safety and Applied Nutrition ("CFSAN") is responsible for ensuring that the country's food supply is safe and properly labeled. The agency continuously works on issues of food safety including food labeling and nutrition, food allergens, biological pathogens, dietary supplements, dietary components, and nutrient concerns. *See* http://www.cfsan.fda.gov. With respect to labeling, the FDA constantly addresses issues regarding labeling of food including issues such as trans fats, sodium levels, use of the term "lean," nutritive sweeteners, fat-reduced milk, etc. http://www.cfsan.fda.gov/label.html. Despite plaintiffs' efforts to characterize this case as one of products liability involving local law, in fact, the case concerns a product – milk – which the federal government has recognized as crucial to the health of its citizens, including its schoolchildren, and has national implications. Whether or not the label on this product is required to be changed would most appropriately be determined by the hundreds of FDA

highly specialized professionals such as chemists, food technologists, biologists, and nutritionists whose mission it is to promote public health.

Moreover, under the doctrine of primary jurisdiction, this Court would not have to stay this case, but could dismiss it outright if it determines that the FDA is the appropriate agency to address the issues raised in the lawsuit. *See, e.g., Himmelman v. MCI Communications Corp.,* 104 F. Supp. 2d 1 (D.D.C. 2000)(court deferred to the FCC pursuant to the doctrine of primary jurisdiction and dismissed complaint without prejudice); *Allnet Communications, Inc. v.s Nat'l Exchange Carrier Ass'n, Inc.,* 965 F.2d 1118, 1123 (D.D.C. 1992) (case dismissed where court could discern no prejudice to either party).

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in the Motions to Dismiss, the defendant, Cloverland Farms Dairy, Inc., respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY _____/s/_____
Geoffrey S. Gavett, Federal Bar No. 1997
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant**
**Cloverland Farms Dairy, Inc.**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Defendant Cloverland Farms Dairy, Inc.'s Reply to Plaintiffs' Opposition to Motion to Dismiss the Complaint was electronically filed and electronically served on this 10th day of January 2006 to:

Bernard J. DiMuro, Esquire
Jonathan R. Mook, Esquire
John M. Tran, Esquire
Hillary J. Collyer
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314
(703) 684-4333
(703) 548-3181 (fax)
**Counsel for Plaintiffs**

Daniel Kinburn, Esquire
Karen Williams, Esquire
Physicians Committee for
Responsible Medicine
5100 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 686-2210 ext. 308
(202) 686-2155 (fax)
**Counsel for Plaintiffs**

Steven J. Rosenbaum, Esquire
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-6000
(202) 662-6291 (fax)
**Counsel for Defendants**
**Giant of Maryland, LLC, Safeway,**
**Inc., Horizon Organic, Dean Foods**
**Co., Nestle Holdings, Inc., Farmland**
**Dairies, LLC, Shenandoah's Pride, LLC and**
**Stonyfield Farm, Inc.**

                                                  /s/_____
                                                 Geoffrey S. Gavett

F:\Data\GD\Insurance\04.000\4-00107\pleadings\federal\Reply-Motion-to-Dismiss.wpd