IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON MILLS, M.D., RASHID GHOLSON, HUA-WEI CHERNG, NORMA HUMPHRIES, LYNETTE GARNER, DARRELL BRANSOME, PAUL MILLER, GLENDA COSTNER, SYBIL HAROLD, ELIZABETH RUSSELL, for themselves and on behalf of all other District of Columbia residents similarly situated, <br><br>                  Plaintiffs, <br><br>                  v. <br><br>GIANT OF MARYLAND, LLC, SAFEWAY INC., HORIZON ORGANIC, DEAN FOODS CO., NESTLE HOLDINGS, INC., FARMLAND DAIRIES, LLC, SHENANDOAH'S PRIDE, LLC, STONYFIELD FARM, INC., CLOVERLAND FARMS DAIRY, INC., <br><br>                  Defendants. | Case No.: 05-CV-2211 (HHK) <br><br><br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Steven J. Rosenbaum (D.C. Bar No. 331728)
Derron J. Blakely (D.C. Bar No. 483733)
Nadia I. Shihata (D.C. Bar No. 493448)
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000

Attorneys for Defendants Giant Of Maryland, LLC, Safeway Inc., Horizon Organic Holding Corporation, Dean Foods Company, Nestle Holdings, Inc., Farmland Dairies, LLC, Shenandoah's Pride, LLC, and Stonyfield Farm, Inc.

Defendants have established that Plaintiffs' state law claims mandating lactose warning labels are subject to conflict preemption because: (a) they would undermine the federal government's express policy of encouraging milk consumption for its health benefits; (b) FDA has expressly found that lactose need not be listed when it is simply a component of an ingredient such as milk because "lactose intolerant consumers know to avoid milk and milk products"; and (c) the labeling would diminish the efficacy of other, more important warning labels. *See* Def. Br. in Support of Mot. to Dismiss at 17-24.

Defendants file this notice of supplemental authority to bring to the Court's attention a Final Rule published yesterday amending FDA's regulations governing the content and format of labeling for prescription drug products. *Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products*, 71 Fed. Reg. 3921 (Jan. 24, 2006). While not facially applicable to food product labeling, this Final Rule reiterates FDA's concerns over the risks of overwarning and its reasoning on the subject finds direct application in the analogous context of milk because, like prescription drugs, the federal government has determined that milk consumption has beneficial health effects. As FDA observed, *inter alia*:

> [A]dditional requirements for the disclosure of risk information are not necessarily more protective of patients. Instead, they can erode and disrupt the careful and truthful representation of benefits and risks that prescribers need to make appropriate judgments about drug use. Exaggeration of risk could discourage appropriate use of beneficial drugs.
>
> \*   \*   \*
>
> Overwarning, just like underwarning, can similarly have a negative effect on patient safety and public health. Similarly, State-law attempts to impose additional warnings can lead to labeling that does not accurately portray a product's risks, thereby potentially discouraging safe and effective use of approved products or encouraging inappropriate use and undermining the objectives of the act.

- 1 -

*   *   *

>   State law actions also threaten FDA's statutorily prescribed role as the expert Federal agency responsible for evaluating and regulating drugs. State actions are not characterized by centralized expert evaluation of drug regulatory issues. Instead, they encourage, and in fact require, lay judges and juries to second-guess the assessment of benefits versus risks of a specific drug to the general public—the central role of FDA—sometimes on behalf of a single individual or group of individuals. That individualized reevaluation of the benefits and risks of a product can result in relief—including the threat of significant damage awards or penalties—that creates pressure on manufacturers to attempt to add warnings that FDA has neither approved nor found to be scientifically required.

71 Fed. Reg. 3922, 3935 (Jan. 24, 2006).[1]

Respectfully Submitted,

/s/ Steven J. Rosenbaum
Steven J. Rosenbaum (D.C. Bar No. 331728)
Derron J. Blakely (D.C. Bar No. 483733)
Nadia I. Shihata (D.C. Bar No. 493448)
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000

January 25, 2006

Attorneys for Defendants Giant Of Maryland, LLC, Safeway Inc., Horizon Organic Holding Corporation, Dean Foods Company, Nestle Holdings, Inc., Farmland Dairies, LLC, Shenandoah's Pride, LLC, and Stonyfield Farm, Inc.

---

[1] The entire text of the Final Rule is available at
http://a257.g.akamaitech.net/7/257/2422/01jan20061800/edocket.access.gpo.gov/2006/pdf/06-545.pdf